IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EARNEST EDWARD FRIEND                                                                    PLAINTIFF
# 270

v.                                          4:23CV00924-LPR-JTK

GINA DUNCAN, et al.                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

Earnest Edward Friend ("Plaintiff") is in custody at the Greene County, Arkansas, Detention Center (the "Detention Center"). Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 against Detention Center Administrator Sheila Robertson, Nurses Gina Duncan and Brianna Thomson, and A.P.R.N. James Carter in their official capacities only. (Doc. No. 2 at 1-2). He also filed a Motion to Proceed in forma pauperis, which was granted. (Doc. Nos. 1, 3). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff's allegations failed to state a claim upon which relief may be granted. (Doc. No. 4). Plaintiff was given the opportunity to file an Amended Complaint to cure

the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed an Amended Complaint, and the time for doing so has passed.

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Discussion

#### A. Plaintiff's Complaint

Plaintiff arrived at the Detention Center on August 8, 2023 "on a 90-day sanction." (Doc. No. 2 at 4, 9). At booking, he told "them" that he had heart and blood pressure issues, as well as a broken wrist. (Id. at 4). Defendant Thomson saw Plaintiff on August 15, 2023, at which time his blood pressure was 151/88. (Id.). Plaintiff explained to Thomson that the pain from his broken wrist was causing his high blood pressure. (Id.).

On August 30, 2023, Plaintiff put in another request asking why he had not yet been seen about his wrist. (Id. at 5). On September 4, 2023, Killi Poteet—not a party to this action—responded "you will be seen at sick call today." (Id.). Plaintiff apparently was not seen at sick call that day because on September 4, 2023, he put in another request to Defendant Thomson asking why his wrist had not yet been examined and why had he not been added to chronic care. (Doc. No. 2 at 5). Plaintiff also asked if he could take Tylenol 3 with his heart condition. (Id.). Killi Poteet explained that he could do so. (Id.).

On September 8, 2023, Plaintiff filed a grievance complaining that his wrist had not been examined and that he had not been placed on chronic care; on September 11, 2023, Plaintiff put in a request to medical asking to be examined in light of his heart condition because he was having sharp pain under his left shoulder blade. (Id. at 6). Killi Poteet responded to Plaintiff that he would be seen. (Id.).

During a September 12, 2023 visit, Defendant Carter prescribed Plaintiff pain medication, medication for dangerously high blood pressure, and an order for x-rays. (Id.).

On September 13, 2023, Plaintiff asked medical staff to explain his x-ray results. (Doc. No. 2 at 6). Killi Poteet told Plaintiff "we will let you know." Plaintiff complained again about

pain in his wrist on September 14, 2023, explaining that his wrist was numb and he was having trouble using his hand. (Id. at 7). Defendant Thomson responded that the x-ray results were "sent to provider." (Id.). Plaintiff grieved his situation again on September 15, 2023. (Id.). And he asked about his x-ray results again on September 18, 2023. (Id.). Finally Defendant Duncan told Plaintiff that the x-ray revealed an old fracture, and that Plaintiff should address the issue upon his release from jail. (Id.).

Plaintiff continued complaining about his wrist and the care he received for his blood pressure. (Doc. No. 2 at 8). On September 20, 2023, Defendant Thomson told Plaintiff that "[t]he provider advised you that we will not be dong anything due to this being an injury you sustained outside of jail. You will need to follow up upon your release." (Id. at 8, 9). The "jail administrator" also told Plaintiff that he would be able to take care of his wrist after his 90-day sanction ended and he was released. (Id.). Plaintiff seeks damages. (Id. at 10).

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted.

      **B.**      **Official Capacity Claims Under 42 U.S.C. § 1983**

            **1.**      **Defendants Robertson, Duncan, and Thomson**

Plaintiff identified Defendants Robertson, Duncan, and Thomson as employees of the Detention Center. Plaintiff sued Defendants in their official capacities only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipality like Greene County is a "person" as that term is used in 42 U.S.C. § 1983. For the purposes of Plaintiff's claims here, Defendants Robertson, Duncan, and Thomson are Greene County. Plaintiff can establish liability against Greene County by showing that a constitutional

violation was the result of an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). But a municipality may not be held liable "solely because it employs a tortfeasor." Szabla v. City of Brooklyn Park, Minnesota, 486 F.3d 385, 389 (8th Cir. 2007).

Plaintiff does not allege that an official policy was the driving force behind the violation of his rights. He also does not allege that Defendant Robertson, Duncan, or Thomson was deliberately indifferent to or tacitly authorized an unlawful unofficial custom. Further, Plaintiff has not asserted any failure to train or supervise evidenced by a pattern of similar unconstitutional violations of which Defendant Robertson, Duncan, or Thomson was aware. There are no allegations in Plaintiff's Complaint to support an official capacity claim against Defendant Robertson, Duncan, or Thomson. As such, Plaintiff failed to state a claim on which relief may be granted against Defendants Robertson, Duncan, and Thomson.

### 2. Defendant Carter

Plaintiff identified Defendant Carter as an employee of Turn Key, which provides medical services to the Detention Center. (Doc. No. 2 at 2). Plaintiff's official capacity claims against Defendant Carter are the equivalent of claims against Turn Key. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993). To state a claim against Turn Key, Plaintiff would have had to plead that a policy or custom of Turn Key was the driving force behind the violation of Plaintiff's rights. See Id. Because Plaintiff did not do so, Plaintiff failed to state a claim against Defendant Carter.

## IV. Conclusion

Plaintiff was given the chance to file an Amended Complaint to cure the defects in his pleading. (Doc. No. 4). And the Court gave Plaintiff detailed guidance as to what any Amended Complaint should contain. (Id.). But plaintiff has not filed an Amended Complaint. Because Plaintiff's original Complaint fails to state a claim on which relief may be granted, his claims should be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g); and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this Judgment and any underlying Order dismissing this action would not be taken in good faith.

Dated this 4th day of December, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).